**UNITED STATES of America,
Plaintiff,**

v.

**William J. DIAZ–RODRIGUEZ,
Defendant.**

**Criminal No. 14–626(PAD).**

United States District Court,
D. Puerto Rico.

Signed Jan. 27, 2015.

Aaron P. Howell, United States Attorney's Office, San Juan, PR, for Plaintiff.

Julio E. Gil–De–Lamadrid, Gil De Lamadrid, PSC, Bayamon, PR, for Defendant.

## MEMORANDUM AND ORDER

PEDRO A. DELGADO HERNANDEZ, District Judge.

Before the Court is defendant's "Motion to Suppress Evidence"—Docket No. 33— which the United States has opposed at Docket No. 36. For the reasons stated below, defendant's motion is DENIED.[1]

## I. *RELEVANT PROCEDURAL BACKGROUND*

On September 24, 2014, U.S. Magistrate Judge Silvia Carreño–Coll, issued a search warrant to search defendants home in sealed case 14–mj–1063. On September 26, 2014, the warrant was executed.

On October 15, 2014, Defendant was indicted and charged with three violations of federal firearms law, to wit: two (2) counts of knowingly possessing ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1) and (g)(2), and one count for possessing a machine gun in violation of 18 U.S.C. § 922(*o*)(1) (Docket No. 14, Counts One through Three). On December 3, 2014, he moved to suppress all evidence seized by law enforcement officers during the search conducted in his residence. (Docket No. 33).

As support, defendant claims the search warrant was issued in error because it lacked probable cause and/or information and belief, omitted critical material information, and is "illegally [sic] insufficient."

---

1. Although defendant has requested a hearing on this motion in one sentence stating "A HEARING IS REQUESTED ON THIS MOTION" (Docket No. 33 at p. 1) he (i) has not set forth any facts in doubt or dispute, (ii) established that any such facts cannot reliably be resolved on a paper record, or (iii) per-

suaded the Court that, if resolved, those facts would entitle him to the requested relief. As such, no hearing is required. *See, United States v. D'Andrea,* 648 F.3d 1, 5–6 (1st Cir. 2011) (criminal defendant does not have a presumptive right to an evidentiary hearing on a motion to suppress).

*Id.* at p. 3. In his view, all information and documents seized must be suppressed. *Id.*[2] The government opposed defendant's request by arguing that the search warrant at issue was supported by probable cause (Docket No. 36).

## II. *DISCUSSION*

The Fourth Amendment provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." U.S. Const. amend. IV. To that end, warrants must contain a "particular description" of things to be seized in order to prevent a "general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire,* 403 U.S. 443, 467, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (internal citations omitted).

The task of the magistrate judge issuing the search warrant is simply to make a practical, common-sense decision on whether, given all the circumstances set forth in the affidavit before her, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates,* 462 U.S. 213, 214, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Arce–López,* 995 F.Supp.2d 79, 81–82 (D.P.R.2014). A reviewing court must determine whether a substantial basis existed for the magistrate's probable cause determination.

*United States v. Keene,* 341 F.3d 78, 81 (1st Cir.2003). Therefore, when evaluating the sufficiency of an affidavit, the Court considers "whether the 'totality of circumstances' stated in the affidavit demonstrates probable cause to search the premises." *Arce–López,* 995 F.Supp.2d at 81.

The Court has carefully reviewed *in camera* the entire, unredacted, affidavit that supported the search warrant for the defendant's residence in M19 Calle Victoriano, Urb. Jardin Dorado, Dorado, Puerto Rico. This review confirms the affidavit provided U.S. Magistrate Judge Carreño–Coll with a substantial basis for determining that probable cause existed to issue the search warrant. It factually links mail shipments containing illegal substances, firearms and ammunitions to the residence.[3] From those facts, it is apparent that defendant's Fourth Amendment rights were not violated. His general challenges to the legal sufficiency of the search warrant do not alter this conclusion.[4]

## III. *CONCLUSION*

In light of the foregoing, the Court **DENIES** Diaz–Rodriguez' motion to suppress at Docket No. 33.

**SO ORDERED.**

---

**2.** The defendant acknowledges that his arguments are, to some extent, speculative, as he only has a redacted version of the affidavit used for the search warrant (The contents of the affidavit would reveal an ongoing investigation) (Docket Nos. 33 and 27, respectively). The Court, however, has reviewed the entire affidavit to responsibly evaluate defendant's motion.

**3.** As part of discovery, the government provided defendant with a list of all the items that were seized during the execution of the search warrant and a receipt of the property that was returned to him after the seizure.

**4.** Because the Court finds that the search warrant is valid, it does not address the applicability of the good-faith exception to the exclusionary rule.